IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>Plaintiff,<br><br>v.<br><br>J. BENAVIDEZ, et al.,<br><br>Defendants. | No. 2:24-CV-3337-DJC-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. See ECF No. 1. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

///

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Benjamin Justin Brownlee names the following individuals as defendants: (1) J. Benavidez, the warden at California Medical Facility (CMF), (2) M. Rangel Duran, a correctional officer at CMF, (3) A. Ramos, a correctional officer at CMF, (4) J. Scrempos, a correctional officer at CMF, (5) H. Ortiz Garcia, a correctional officer at CMF, (6) K. Johnson, Jr., a sergeant at CMF, and (7) D. Crosby, a sergeant at CMF. See ECF No. 1, pgs. 3–4. Plaintiff asserts two claims which alleges violations of Plaintiff's Eighth Amendment rights, including cruel and unusual punishment, assault and battery, as well as infringement on her[1] right to make a complaint and to a safe environment. See id. at 6–11. Plaintiff asserts excessive force, negligence, and threats to safety as bases for her claims. See id.

Plaintiff's first claim arises from an assault on December 20, 2022. See id. at 6. On this date, Defendant Duran instructed Plaintiff to return to her cell from the Dayroom. See id. Plaintiff told Defendant Duran she was suffering from a chronic migraine and was on her way to retrieve her medication. See id. In response, Defendant Duran dragged Plaintiff to the floor by her left arm and punched the left side of her face and eye approximately eight to ten times. See id. Defendant Ramos called for assistance and Defendants Scrempos and Garcia responded. See

---
[1] Plaintiff uses female pronouns throughout the complaint.

2

id. Plaintiff contends Defendant Ramos then began to sexually assault her by punching her genitals and squeezing her scrotum until she felt a sharp pain in her legs and lower stomach. See id. Plaintiff thrashed around from the pain until Defendant Ramos released her scrotum. See id. at 6–7.

Plaintiff further alleges Defendant Ramos began to punch her in the stomach several times while Defendant Scrempos and Garcia kicked her legs and rib cage. See id. at 7. According to Plaintiff, Defendants Crosby and Johnson failed to intervene or respond to her pleas for help when Defendant Duran punched her left eye approximately ten to fifteen times. See id. Plaintiff asserts Defendant Johnson explicitly denied help by stating to Plaintiff: "We cannot help you with your problem child." Id. From the assault, Plaintiff alleges nightmares and physical pain, including swelling and blood during urination. See id. at 6–7.

Following the incident, Plaintiff asked Defendant Crosby for help to get an excessive force video but was denied "until [her] face goes back to normal again." See id. Plaintiff concludes this claim by stating that she was seen by the medical staff to report the assault and for a medical report of injury of unusual occurrence, which was documented on file. See id. at 7–8.

Next, Plaintiff describes a second claim against all Defendants arising out of the same incident allegations as stated above. See id. at 9. Plaintiff alleges Defendants infringed on her Eighth Amendment right to freedom from cruel and unusual punishment as well as a failure to create a safe environment. See id. Plaintiff explains she had no way to protect herself while being gang-attacked by Defendants because her hands were cuffed to her waist. See id. Further, Plaintiff was denied an excessive force video and to have pictures of her injuries documented. See id. at 10.

Plaintiff specifically states Defendant Benavidez has deliberately failed to provide a safe environment within CMF and to investigate Plaintiff's claims for assault and battery. See id. at 10–11. According to Plaintiff, Defendant Benavidez has allowed abuse to be inflicted by the correctional officers, and the use of excessive force. See id. Plaintiff concludes by asserting this failure has caused the assault and injuries to Plaintiff. See id.

3

## II.  DISCUSSION

The Court finds that Plaintiff's complaint states potentially cognizable claims against Defendants Duran, Ramos, Scrempos, Garcia, Johnson, and Crosby for excessive force in violation of the Eighth Amendment.  As discussed below, however, the Court finds that Plaintiff has failed to allege sufficient facts establishing a causal link between Defendant Benavidez, the prison warden, and a constitutional violation.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them.  See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

In her complaint, Plaintiff sets forth specific facts as to Defendant Benavidez. Plaintiff alleges that, as CMF's warden, Defendant Benavidez failed to provide a safe environment within CMF and to investigate Plaintiff's claims for assault and battery.  Through these actions, Plaintiff asserts Defendant Benavidez permitted the correctional officers' use of

1  excessive force and is responsible for the violations under a theory of supervisory liability.

2  These allegations fail to establish the necessary causal link between this
3  defendant's conduct and the alleged constitutional deprivation under section 1983. Defendant
4  Benavidez was the warden for CMF at the time the violations occurred, but Plaintiff only alleges
5  this defendant's failure to act. These allegations do not outline any specific actions taken by
6  Defendant Benavidez, or not taken, that may have caused the violations. As currently alleged,
7  Plaintiff's claim against Defendant Benavidez appears to rest solely on a respondeat superior
8  theory of liability. Plaintiff will, however, be provided an opportunity to amend.

### III.  CONCLUSION

For the above stated reasons, the Court finds that Plaintiff's complaint states potentially cognizable claims against only Defendants Duran, Ramos, Scrempos, Garcia, Johnson, and Crosby, and Plaintiff's complaint against these Defendants for excessive force may proceed. However, the Court finds that Plaintiff has failed to allege facts establishing a causal link between Defendant Benavidez and a constitutional violation and that Plaintiff's complaint against him cannot proceed unless amended.

But because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167

1  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2        Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

      Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: February 5, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE